## J. W. JEFFERSON

*v.*

## GEORGE W. KENNARD.

77   246
114a 1343

1. AMENDMENT—*changing character of bill.* Where a bill for the specific performance of a contract of sale was amended by setting up false and fraudulent representations, not discovered to be false until after the filing of the original bill, and praying for a rescission of the contract: *Held*, that the amendment was properly allowed.

2. PRACTICE—*waiving sworn answer in amended bill.* Where the original bill required an answer under oath, which was filed, and afterwards the complainant filed an amended bill, setting up new matter and dispensing with a sworn answer: *Held,* that such waiver would not affect the answer under oath already filed, and extended only to the new matter set up in the amended bill.

APPEAL from the Circuit Court of Champaign county; the Hon. LYMAN LACEY, Judge, presiding.

This was a bill in chancery, filed by George W. Kennard against ·J. W. Jefferson, the First National Bank of Champaign, and ·William Howard. The object of the bill and facts of the case appear in the opinion. Jefferson alone appealed.

Messrs. SWEET & DAY, for the appellant.

Mr. THOMAS J. SMITH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought by Kennard, the appellee, for an injunction and .relief, the case made by the bill being substantially this: That on the 9th day of August, 1872, Jefferson and Howard, dealers in wool, contracted to sell to Kennard, a dry goods dealer, a quantity of wool in sacks, for $14,000, $2500 thereof cash in hand, $3500 in dry goods, and a piece of land taken at $1000, and the remainder to be paid as soon as the wool could be shipped to market, inspected, sold, and returns of sale made; that, for the making of the cash payment of $2500, it was arranged that Kennard should give his check for that amount to Jefferson, on the First National Bank of Champaign, to meet which the wool should be shipped to Philadelphia in the name of Kennard, the bill of lading be issued to him, and he should draw upon the consignees in favor of the bank for the amount of the check; the arrangement was with the assent of the bank. Kennard accordingly, on August 9th, gave to Jefferson his

check on the bank for the $2500, and the latter immediately presented it to the bank, which honored it, giving Jefferson credit therefor on the books of the bank. On the same day, August 9, Kennard delivered to Howard the $2500 worth of dry goods and executed to him a deed for the land.

On the next day, August 10, the wool was loaded on cars for shipment by Jefferson, at which time Kennard required the wool should be turned over to him, be shipped by him, and the bill of lading be issued to him; this Jefferson refused, and shipped the wool in his own name.

The bill was to restrain the bank from paying to Jefferson or Howard this $2500, and was filed August 13, 1872.

Subsequently, October 24, 1872, the bill was amended, setting up fraud in the sale, in the making of false and fraudulent representations in regard to the grades and quality of the wool, and praying for a rescission of the contract of sale. Howard and the bank were defaulted, and a decree *pro confesso* entered against them.

Upon hearing on proofs taken, as to Jefferson, the circuit court decreed the relief sought, and Jefferson appealed from the decree.

It is insisted that the court below erred in overruling appellant's motion to strike the amended bill from the files.

The original bill contained the prayer that, upon final hearing, the court would decree that Jefferson pay Kennard "the proceeds of the sale of said wool, after deducting the amount yet remaining unpaid by orator; or, in default of his so doing, require him and the said Howard to pay orator the amount of the said goods, and order and decree that the said bank shall refund and pay back to orator the said sum of $2500, and for further relief," etc. It is objected, that there was in the amended bill an entire change in the relief asked, and that the defendant should not be permitted to change the prayer of his bill from one for a specific performance to one for a rescission; that the original bill was in affirmance of the

contract, and concluded the right of defendant to have a rescission.

Waiving the question as to the mode of taking advantage of such an objection by motion to strike the amended bill from the files, we see no force in the objection. At the time of the filing of the original bill. the falsity of the alleged fraudulent representations had not been discovered. Such discovery was not made until afterward, after the arrival of the wool at market, and after it had been there graded, and the true grades and quality ascertained. After such subsequent discovery of the falsity of the representations which had been made, the court very properly allowed an amendment of the bill, setting up the same, and asking for a rescission of the contract, and any right of rescission for such reason would not be concluded by the original bill.

There is nothing in the point made, that, as the original bill did not waive the answer under oath, and as such an answer had been made before the bill was amended, that the amended bill improperly waived an answer under oath.

Such waiver would not affect the answer under oath which had already been made; it would only extend and apply to the answer to the new matter set up in the amended bill.

It is claimed by appellant that the facts in the case do not support the findings of the court and justify the decree.

There was a conflict of testimony ; that of appellee would support the decree, but it was contradicted by the evidence of appellant and Howard. The two latter were unsupported by any other evidence. The testimony of appellee was corroborated to some extent by that of the president and the cashier of the bank.

The question was one of the credibility of witnesses. We are satisfied with the finding of the circuit court, and affirm the decree.

*Decree affirmed.*